*360]        *Knox *et al. v.* Greenleaf. (*b*)

*Jurisdiction.—Citizenship.*

A citizen of one state, removing to another, purchasing real estate, paying taxes and residing in the latter for about four years, becomes a citizen thereof, so far as regards the jurisdiction of a federal court; notwithstanding a temporary absence, during which he acquired and exercised municipal rights in a third state.

Case. The defendant filed the following plea in abatement :

"The said James Greenleaf, who is impleaded by the addition and de·scription of a citizen of the state of Maryland, by Jared Ingersoll, his attorney, comes and defends the force and injury, &c., and says, that he, long before the arrest in the present action, and at the same time, as well as twelve months preceding the said arrest, and continually afterwards, was, and yet is, a citizen of the state of Pennsylvania, having his permanent domicil and residence in the said state or district of Pennsylvania, and not a citizen of the state of Maryland. And the said James Greenleaf, by his attorney aforesaid, further saith, that according to the constitution and laws of the United States, a citizen of Pennsylvania cannot be impleaded or com·pelled to answer by another citizen of the same state, before the judges of the circuit court, but only in the courts of the state, having competent juris·diction of the case. And this he is ready to verify : therefore, he prays judgment, if he ought to be compelled to answer the said William to the said plea in court, &c.

The plaintiffs filed a replication, averring that the defendant was a citi-

---

(*a*) See further, on this subject, Pritchett *v.* Jones, 4 Rawle 264.

(*b*) s. c. Wall. C. C. 108 ; which is a report of the case, on a motion to discharge the defendant on common bail.

zen of Maryland; and issue being thereupon joined, the question was tried before GRIFFITHS and BASSET, associate judges, the Chief Judge declining, on account of a family connection with the defendant, to take judicial part in the cause.

Upon the evidence, it appeared, that the defendant was a native of Massachusetts; that he came to Philadelphia in 1796, and purchased a valuable house in Chestnut street, in which he lived, until his pecuniary embarrassments and consequent imprisonment occurred, in 1798; that his clerks and servants continued afterwards to live there, until the house was sold to Mr. Tilghman; that being discharged by the Pennsylvania insolvent acts, in March 1798, he went to the southward, and returned to Philadelphia before the yellow fever of 1798 had subsided; that between the 5th of November 1798, and the 20th of January 1799, he applied to the legislature of Maryland, styling himself of that state, for the benefit of an insolvent act, in the nature of a bankrupt law, that on the 10th of January 1799, an act was passed accordingly, in which he was described as " of Prince George county," and by which it was provided, that the chancellor, before granting the benefit of the act, should be satisfied, by competent testimony, that the defendant was, at the time of passing the act, " a citizen of the United States, and of this state;" *that the defendant was discharged under [*361 this act, on the 30th of August 1799; that he returned to Philadelphia in February 1800; that he removed from Philadelphia to Northampton county, in June of the same year, had paid taxes there, and had never left the state since; and that he was arrested, in the present suit, on the 20th of February 1801.

The principal point discussed, upon these facts, was, whether the defendant was a citizen of Pennsylvania, so as to exclude the jurisdiction of the federal court, the plaintiffs being themselves citizens of that state? (a)

For the plaintiffs, it was contended, by *Moylan*, that the defendant could only be regarded as an inhabitant, not as a citizen, of Pennsylvania; that he had represented and proved himself to be a citizen of Maryland, in August 1799, or he could not have enjoyed the benefit of the act of that state; and that he had not, upon the most liberal calculation of time, resided in Pennsylvania long enough to acquire the rights of permanent citizenship, upon the principle of the constitution. (1 U. S. Stat. 78, § 11; Const. Penn. Art. III. § 1.)

For the defendant, it was contended, by *Ingersoll* and *Dallas*, that a citizen of one state was constitutionally entitled to be a citizen of every state; that the acts of congress prescribe a mode for naturalizing aliens; but none for communicating the municipal rights of citizenship to a citizen removing from one state to another; that as to the naturalization of aliens, Pennsylvania leaves the subject to the acts of congress; and for the exercise

---

(a) This action was brought against Mr. Greenleaf, as indorser of notes issued by Morris & Nicholson, which he had pledged as security for his own notes, given to the plaintiffs. His own notes were due, before he was discharged under the insolvent act; but the notes of which he was indorser, became due afterwards. This afforded matter for argument, but did not appear to enter into the decision of the court. The plaintiff's counsel cited Howis v. Wiggins, 4 T. R. 714

Balfour v. Meade.

and enjoyment of every right of citizenship, her constitution only stipulates, that the party shall be a citizen, shall have resided for a specified time, and shall have paid taxes; that the three requisites must be complied with, in the case of a native, as well as of an adopted citizen, for the purposes contemplated; that, being a citizen, absence from the state does not disfranchise, except as to the right of electing and being elected, which depends on residence as well as citizenship; that a citizen of Massachusetts, coming into Pennsylvania, with a view to settle, acquiring real estate, and paying taxes, is a citizen of Pennsylvania, to every purpose, but that of electing or being elected, within the respective periods prescribed by the constitution; and that the laws of Maryland communicate, *instanter*, the rights of municipal *362] citizenship, *to a citizen going thither from another state, without impairing the permanent domiciliated citizenship, to which he is entitled in his own state. (Const. art. IV. § 1; 2 Dall. 370; Const. Penn. art. I. § 3, 8; art. II. § 4, 8; art. III. § 1; art. IV. § 1; art. IX. § 20, 21; 4 Dall. Laws, 332, § 1; 1 Dall. 152, 158, 241; Maryland Laws, July 1779, ch. 6; Nov. 1789, ch. 24; Nov. 1792, ch. 14; Nov. 1793, ch. 26.)

THE COURT were clearly of opinion, that the defendant was entitled to be considered as a citizen of Pennsylvania; and the jury found a verdict accordingly.

Verdict for the defendant.